```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

MANUEL TREADWAY, JR. AND      *         CIVIL ACTION
CONNIE TREADWAY

VERSUS                        *         NO: 06-8836

STATE FARM FIRE AND CASUALTY  *         SECTION: "D"(3)
COMPANY, ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Manuel and Connie Treadway. Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 14, 2007, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I. Background**

In this Katrina-related matter, Plaintiffs initially filed suit (on August 29, 2006) in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, claiming that they owned immovable property located in Port Sulphur, Louisiana, and that as a result of Hurricane Katrina, "the forces of wind, rain

and tornadoes were the sufficient proximate cause of the Plaintiffs' residence being a total loss or severely damaged." (Petition at ¶¶ II & VII). Plaintiffs sue State Farm, allegedly the homeowner's insurer of Plaintiffs' property under a "Valued Policy," for its alleged failure to pay proceeds under the policy. Additionally, Plaintiffs name two non-diverse Defendants, Louis T. D'Angelo Insurance Agency, Inc. (allegedly Plaintiff's State Farm insurance agent), and Steve Sanderson (allegedly the adjuster who adjusted Plaintiffs' claim) for their alleged wrongful acts.

State Farm removed the matter to this court on the basis of diversity jurisdiction, claiming that the two non-diverse Defendants were improperly or fraudulently joined.[1] The court next sets forth Plaintiffs' allegations against these two Defendants.

Plaintiffs' allegations against Defendant, Louis T. D'Angelo Insurance Agency, Inc. (D'Angelo), include the following:

IX.

> **Each policy period** Plaintiffs have relied on Defendant, LOUIS T. D'ANGELO INSURANCE AGENCY, INC., as their State Farm insurance agent to advise them of changes in their policies, **to**

---

[1] In its removal papers, State Farm also contends that the court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §1369. However, State Farm has abandoned this jurisdictional basis in its opposition to Plaintiff's Motion to Remand. For completeness of the record, the court finds that the MMTJA does not confer federal jurisdiction in this case, because as the Eastern District has consistently found, Katrina is not an "accident" within the meaning of the MMTJA. Further, there is no basis for piggy-back jurisdiction under 28 U.S.C. §1441(e)(1).

**procure adequate insurance coverage each year** in order to insure that they have the correct type of insurance and the policy coverage amounts were sufficient to protect the Plaintiffs from the damages caused by a hurricane. Plaintiffs' agent has failed to do so. In connection with **each annual renewal**, Defendant, LOUIS T. D'ANGELO INSURANCE AGENCY, INC., has received a fee as the Plaintiffs' agent.

X.

**During the renewal period in March, 2005**, Defendant, LOUIS T. D'ANGELO INSURANCE AGENCY, INC., was negligent in numerous respects including, but not limited to, failing to procure adequate flood insurance which would sufficiently cover the Plaintiffs for their damages sustained in a hurricane; failing to advise that excess flood insurance was available; failing to inform the Plaintiffs that they were under-insured in their State Farm insurance policy; failing to inform the Plaintiffs that their coverage should be increased as well as its misrepresentations in which they assured the Plaintiffs that the State Farm fire (homeowners) insurance policy would cover and insure them for all the wind, tornado and rain damage caused by a hurricane. It has not. In addition, LOUIS T. D'ANGELO INSURANCE AGENCY, INC., negligently failed to alert the Plaintiffs as to any "concurrent causation clauses" in the policy and failed to advise the Plaintiffs as to State Farm's claim adjusting policies and coverage limitations so they could determine the appropriate insurance coverage on their property. As such, Plaintiffs' agent is responsible to the Plaintiffs for their negligent or intentional misrepresentations and breaches of their fiduciary duties to the Plaintiffs.

XI.

The Plaintiffs discovered their misrepresentations and their acts of negligence during the 2005-2006 policy period in the aftermath of Hurricane Katrina in August, 2005, when [State Farm] failed to tender the proper amount of policy proceeds for the wind, tornado and rain damage caused by Hurricane Katrina.

(Petition at ¶¶IX, X and XI, emphasis added).

As to Defendant, Steve Sanderson, Plaintiff allege that:

XVII.

Defendant, STEVE SANDERSON, is individually liable for his acts in failing to adjust plaintiffs' claim in good faith and his failure to disclose material information to Plaintiffs causing further delay and damage to the Plaintiffs as a result.

XVII.

Upon information and belief, STEVE SANDERSON arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments to other insureds, including Plaintiffs, when there was no basis in law or fact to do so since all damage suffered by these insureds were caused by Katrina's wind, rain and tornadoes.

(Petition at ¶¶ XVII & XVIII).

Plaintiffs also make the following catch-all allegations:

XIX.

Throughout the course of the adjustment process, State Farm Fire and Casualty Company and its agents, adjusters and employees, some of whom may be named in this petition or any

supplemental petition thereto, committed the following bad faith acts:

a) Failing to meet with Plaintiffs at the insured property site to inspect the damage/destruction;

b) Advising the Plaintiffs of a date and time to meet at the insured property site and failing to attend such meeting;

c) Approving payment to other policyholders whose claims were similar to the Plaintiffs while denying Plaintiffs' claim;

d) Failing to properly investigate Plaintiffs' claim to determine what effect the hurricane force winds and rain had on the property before any flood waters appeared;

e) Advising plaintiffs that perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the insureds were advised differently;

f) Issuing documents indicating that a peril covered by the insurance policy caused the damage/destruction to the insured premises and then revoking such decision.

(Petition at ¶XIX).

In their Motion to Remand, Plaintiffs argue that State Farm cannot meet its burden of showing improper or fraudulent joinder. However, in its opposition memorandum, State Farm maintains that Defendants D'Angelo and Sanders were improperly joined because there is no reasonable basis for the court to predict that the

5

Plaintiffs might be able to recover against them.

## II.  Legal Analysis

Under Louisiana law, insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged. *See e.g., Venture Assocs. Inc. v. Transportation Underwriters*, 634 So.2d 4, 6-7 (La. App. 3rd Cir. 1994).  Further, a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).

Here, State Farm has submitted the Affidavit of Louis T. Angelo who states that in 1989, he procured the subject homeowner's policy for Plaintiffs.  (*See* D'Angelo Affidavit, Doc. 9-3).[2]  Further, State Farm has submitted the Affidavit of Ann French, an Underwriting Team Manager employed by State Farm, and she attests that the subject homeowner's policy became effective in 1989.  (*See*

---

[2]   In deciding whether a defendant has been improperly joined, the court may "pierce the pleading" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his claim. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462-63 (5th Cir. 2003, *citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003).

6

French Affidavit, Doc. No. 9-4).[3]

Based on these Affidavits, State Farm argues that Plaintiff's claims against Defendant D'Angelo are prescribed or perempted. Under LSA-R.S. 9:5606,

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the data of the alleged act, omission, or neglect.**
>
> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
> C. The peremptive period provided in

---

[3] State Farm has also submitted the Affidavit of Theron H. Bryan, Jr., an Underwriting Section Manager for State Farm, who attests that State farm has no record of issuing to Plaintiffs a flood policy that was in effect for the year 2005. (*See* Bryan Affidavit, Doc. No. 9-5).

However, the court finds that this Affidavit is superfluous because Plaintiffs aver in their Petition that they are not making any claims for flood damage. (Petition at ¶ VIII). Rather, they allege in part that Defendant D'Angelo failed to procure adequate flood insurance (Petition at ¶ X), which is not inconsistent with Affiant Bryan's statement that there is no record of State Farm issuing Plaintiffs a flood policy for the year 2005.

> D. Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.[4]
>
> D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

However, this statute became effective in July 1991, and does not apply if the cause of action accrued before its effective date. *Dobson v. Allstate*, 2006 WL 2078423 *4 (E.D. La. 2006)(Vance, J.). To determine whether Plaintiffs' cause of action against Defendant D'Angelo had already accrued when LSA-R.S. 9:5606 became effective, the court looks to Louisiana Code of Civil Procedure 3492 "which governed the prescription of ths type before it was supplanted by La.Rev.Stat. §9:5606." *Id*. at *5. Under Article 3492, a plaintiff's cause of action does not accrue until he suffers damage. *Id*. at *5.

---

[4] Louisiana Civil Code Article 1953 provides:

> **Fraud may result from misrepresentation or from silence**
>
> Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

If the court were to find that Plaintiffs did not suffer damage until after Hurricane Katrina struck and State Farm failed to properly pay Plaintiffs under their policy, then their cause of action accrued after the effective date of LSA-R.S. 9:5606. *Id*. Thus, LSA-R.S. 9:5606 would apply, and any wrongful acts alleged against D'Angelo *when the policy was procured in 1989* would be perempted under the statute's three year peremptive period that runs from the date of the act, omission, or neglect.

Further, subsequent renewals of insurance policies do not restart the prescriptive period on torts *committed at the time of the initial purchase*. *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182 (La. App. 5th Cir. 2004). For "each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which give rise to immediately apparent damages." *Id. quoting Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

Here, in Paragraphs IX and X of their Petition, Plaintiffs make specific allegations against Defendant D'Angelo pertaining to the renewal of the subject policy. However, without further factual development, the court cannot conclude from the record whether "these renewals were nothing more than a continuation of

the ill effects of an original unlawful act"[5] committed at the time of initial purchase in 1989 (in which case Plaintiff's claims would be perempted) or whether the renewal allegations against Defendant D'Angelo are based on conduct, consisting of separate and distinct acts from those committed at the time of initial purchase (in which case Plaintiff's claims may not be perempted).

Rather, the court must resolve disputed questions of fact in Plaintiffs' favor,[6] and the court thus finds that: State Farm has not satisfied its heavy burden of demonstrating that Plaintiffs have no reasonable possibility of recovery against D'Angelo, a non-diverse Defendant; complete diversity is lacking; and the court has no subject matter jurisdiction to hear this case.[7]  Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this case to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for lack of subject matter jurisdiction.

---

[5] *Bel v. State Farm Mutual Automobile Ins. Co.,* 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

[6] *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

[7] The court need not reach the issue of whether or not the other non-diverse Defendant, Steve Sanderson, has been improperly joined.

New Orleans, Louisiana, this **23rd** day of **February**, **2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE